Filed 7/25/13 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JAMES ENLOE et al., | 2d Civil No. B241201 |
| Plaintiffs and Appellants, | (Super. Ct. No. 118183) |
| | (San Luis Obispo County) |
| v. | |
| | ORDER MODIFYING OPINION AND |
| CASEY LEE KELSO et al., | DENYING REHEARING [NO CHANGE |
| | IN JUDGMENT] |
| Defendants and Respondents. | |

THE COURT:

IT IS ORDERED that the opinion filed herein on July 3, 2013, be modified as follows:

1. On page 4, after the last sentence of the second full paragraph, add the following text:

> We reject the fiction argued by the Enloes that the
> $93,750 was a "hard money loan" and not part of the
> purchase price.

There is no change in the judgment.

Appellants' petition for rehearing is denied.

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo
_____

Christian E. Iversen for Plaintiffs and Appellants.

Duggan Smith & Heath LLP, Jane E. Heath, Janet L. Wallace for Defendant and Respondents.

Filed 7/3/13 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

JAMES ENLOE et al.,

    Plaintiffs and Appellants,

v.

CASEY LEE KELSO et al.,

    Defendants and Respondents.

2d Civil No. B241201
(Super. Ct. No. 118183)
(San Luis Obispo County)

When sellers of real estate accept a deed of trust from the purchasers to secure the purchase price, Code of Civil Procedure section 580b prohibits the sellers from obtaining a deficiency judgment in the event the purchasers default.[1] It matters not that such a trust deed is given to sellers after the close of escrow. Timing does not change its character. We affirm the trial court's summary judgment in favor of purchasers and against the sellers.

FACTS

James and Margaret Enloe owned a single family residence in Templeton. They agreed to sell it to Casey Lee Kelso and Joseph R. Jaeger (hereafter collectively Kelso) for $1.9 million. The Enloes agreed to carry back a second deed of trust in the amount of $93,750. For reasons not disclosed, Kelso's lender, Washington Mutual, decided to fund its portion of the purchase price with

---

[1] All statutory references are to the Code of Civil Procedure.

two loans secured by two deeds of trust. This would make the sellers' proposed second deed of trust, a third deed of trust.

Washington Mutual refused, however, to fund its loans if there would be a third deed of trust in favor of the sellers. In response to Washington Mutual's refusal, the Enloes and Kelso agreed that the Enloes would carry back a third deed of trust to record "[i]mmediately [a]fter" the close of escrow. They amended escrow instructions to delete reference to the sellers' carry-back loan.

Prior to close of escrow, Kelso executed a note in favor of the Enloes secured by a deed of trust on the subject property in the amount of $93,750. Margaret Enloe tendered to escrow a personal check to Kelso in the amount of $93,750. The check contained the notation, "for 3rd Deed of Trust of Santa Rita." Because escrow would not accept a personal check, the check was cancelled and marked void.

Escrow then closed. On the same day, escrow issued a cashier's check to the Enloes in the amount of $1,530,044.66. The escrow closing statement also showed a debit in the amount of $372,779.70 for a payoff of an existing loan, commissions and fees, amounting to a total payout of $1,902,824.36. The additional $2,824.36 over the $1.9 million purchase price represented a credit to the Enloes for a pro-rata portion of the property taxes.

On the same day escrow closed, the Enloes issued a cashier's check to Kelso in the amount of $93,750. The deed of trust was recorded a few days later.

Five years later, Kelso entered into a "short sale" agreement with a third party; that is, an agreement in which the sales price is insufficient to pay off the entire balance of all loans secured by the property. The Enloes consented to the sale. They received $22,500 in exchange for the release of their trust deed. They brought this action to recover the balance of the $93,700 loaned to Kelso.

4

I.

Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (§ 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such inferences are contradicted by other inferences or evidence that raise a triable issue of fact. (*Ibid.*) In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19.)

The moving party has the initial burden of showing that one or more elements of a cause of action cannot be established. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) Where the moving party has carried that burden, the burden shifts to the opposing party to show a triable issue of material fact. (*Ibid.*) Our review of the trial court's grant of the motion is de novo. (*Id.* at p. 767.)

II.

Section 580b, subdivision (a)(2) provides that no deficiency judgment shall lie "'[u]nder a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property . . . .'" The purpose of the subdivision is to discourage the vendor from overvaluing the property, and to prevent "the aggravation of a downturn" that may result from an economic depression. (*Crookhall v. Davis, Punelli, Keathley & Willard* (1998) 65 Cal.App.4th 1048, 1057-1058.) The subdivision is liberally construed to effect its purpose. (*Budget Realty, Inc. v. Hunter* (1984) 157 Cal.App.3d 511, 513.) In determining whether section 580b applies, courts look to the substance of the

5

transaction, not its form. (See *Ziegler v. Barnes* (1988) 200 Cal.App.3d 224, 230 [use of a "'straw man'" transfer did not deprive debtor of the protection of § 580b].)

The question here is whether the trust deed given to the Enloes was to secure payment of a portion of the purchase price.

The undisputed facts are that the parties agreed the Enloes would finance part of the purchase by taking Kelso's note secured by a deed of trust on the property in the amount of $93,750. In response to Washington Mutual's refusal to fund its senior loans if the Enloes' third trust deed encumbered the property, the parties agreed the Enloes' trust deed would be recorded "[i]mmediately [a]fter" close of escrow. The escrow's check to the Enloes and the Enloes' check to Kelso were drawn the same day. The Enloes even concede the $93,750 check to Kelso was paid out of the purchase money. If there could be any doubt that the trust deed secured a purchase money loan, it was resolved when two days prior to close of escrow the Enloes unsuccessfully attempted to fill in the gap in the purchase price by placing their personal check in the amount of $93,750 into escrow. The only reasonable conclusion is that the $93,750 trust deed secured part of the purchase price.

The Enloes argue that there are triable issues of material facts. They point out that the $93,750 cashier's check was not paid to the Enloes until after escrow closed. But there is nothing in the language or purpose of section 580b that requires a purchase money transaction to be completed simultaneously with the close of escrow.

The Enloes argue that there is also a triable issue of fact whether the transaction could have been completed without a purchase money loan. Kelso declared that without the $93,750, Kelso could not have paid the purchase price. The Enloes point out, however, that the escrow closing statement shows the escrow was fully funded prior to closing. They claim they did not fund any portion of the escrow.

6

The question of fact the Enloes raise is not material.  The parties may agree that the vendor will take back a purchase money trust deed even if the purchaser has the financial ability to complete the transaction without it.  Here, even if the Enloes did not fund any portion of the escrow, the facts are still so overwhelming they allow only one reasonable conclusion:  The Enloes' trust deed secured a portion of the purchase price.  Section 580b bars their action.

The judgment is affirmed.  Costs are awarded to respondents.

CERTIFIED FOR PUBLICATION.



GILBERT, P. J.


We concur:



YEGAN, J.



PERREN, J.

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo

_____


Christian E. Iversen for Plaintiffs and Appellants

Duggan Smith & Heath LLP, Jane E. Heath, Janet L. Wallace for Defendant and Respondents.